## Campbell Unemployment Compensation Case.

Argued March 24, 1954. Before Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Clarence R. Kramer,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

Opinion by Woodside, J., July 13, 1954:

This is an appeal from the Unemployment Compensation Board of Review's denial of the appellant's

claim for unemployment compensation on the ground that claimant-appellant's unemployment was "due to voluntarily leaving work without good cause" within the meaning of Section 402(b) of the Unemployment Compensation Law, as amended by the Act of May 23, 1949, P. L. 1738, §11, 43 PS 802.[1]

The claimant had been employed by the North American Refractories Company since the year 1917. He was laid off by the Company on March 29, 1952 because of the slackening of work at the establishment. The following day he applied for benefits and received thereafter a total of $780 over a period of 26 weeks in his first benefit year.

On April 1, 1953 the claimant became 65 years of age and in accordance with the provisions of the company-union contract he had the right to exercise his option to voluntarily retire and go on pension, although the said contract provided that an employe would not be compelled to retire until reaching the age of 68.

The claimant's application for retirement was accepted effective April 1, 1953 and he was removed from the active rolls of the company thereafter, and placed upon pension. By voluntarily assuming the status of a retired employe the claimant negated the possibility of being recalled to work when the opportunity arose. At the same time he applied for and subsequently received social security benefits.

On May 30, 1953 the claimant applied for unemployment compensation benefits for his second benefit year and filed claims for the week ending June 5 through the week ending July 3, 1953 inclusive, which

[1] Although this Section has been subsequently amended by Act of August 24, 1953, P. L. 1397 §4 the separation here at issue took place prior to the enactment of the said amendment.

weeks are herein at issue. Had the claimant not chosen to retire and thus terminate the employment relationship he would have been recalled to work on or about July 16, 1953.

These facts are contained in the findings of the Referee which were affirmed by the Board. They are supported by substantial competent evidence and are therefore binding upon us. *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639 (1949).

It is clear from the record that the claimant's act in applying for retirement was a voluntary one. By so doing he effectively cut himself off from the possibility of securing subsequent employment with the company, when the opportunity for such subsequent employment arose.

We are satisfied that, having the alternative of remaining on the active list and thus maintaining his right to recall on a seniority basis or of retiring to take a pension, his choice of the latter makes this voluntary act a leaving "without good cause". *Hall Unemployment Compensation Case,* 160 Pa. Superior Ct. 65, 49 A. 2d 872 (1946).

What is "good cause" must reflect the underlying purpose of the act to relieve against the distress of involuntary unemployment. In this connection the desire to secure a pension as a means of livelihood cannot be considered as falling within the overpowering circumstances, which ". . . *compel* the decision to leave employment . . ." See *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557; 45 A. 2d 898 (1946).

Although we are of the opinion that the claimant voluntarily left work without good cause, there is a further question to be considered on this appeal, to wit: whether the unemployment of the claimant during

the weeks in question was "due to" this voluntary leaving. This question, though raised neither in the Board decision nor in the briefs of counsel, is implicitly raised by the facts.

Section 402(b), supra, provides:

"An employee shall be ineligible for compensation for *any week* . . . (b) In which his unemployment is *due to* voluntarily leaving work without good cause . . . (emphasis supplied)."

In this context, the idiomatic phrase "due to" imports a causal relationship. It is defined as meaning "caused by," "in consequence of," or "owing to." It has been "held equivalent to, or synonymous with, 'caused by,' 'resulting from,' 'sustained by,' 'sustained by means of,' 'sustained in consequence of,' and 'sustained through' ", 28 C.J.S. page 579. It brings into the unemployment compensation law the principles and theory of legal causation.

Section 402(b), supra, when considered in this light means that the disqualification only applies where the claimant's unemployment was caused by or resulted from his act in voluntarily leaving his employment without good cause.

As hereinbefore indicated, prior to July 16 the Company was not able to furnish employment to the claimant as a result of a slackening of work at the establishment, and this was so irrespective of whether the claimant was on the active or the retired list. Thus the claimant could not become unemployed as a result of his own voluntary act until such time as his retirement *was* the proximate cause of his unemployment—the uncontroverted testimony indicates that July 16 was the "time", for on that date he would have been recalled to work had he not retired. Since all the claim weeks in question were prior to July 16, the purported date of recall, the claimant must be deemed eligible for bene-

fits since his unemployment was "due to" lack of work at the establishment of his last employer.

We wish to point out that a different conclusion would be reached for weeks subsequent to July 16, 1953. However, such weeks are not before us.

Decree reversed.