## Campbell Unemployment Compensation Case.

Submitted September 27, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Orlando R. Campbell,* appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., November 16, 1955:

This is the second time Orlando R. Campbell has appealed to this Court from the Board of Review's denial of his claim for unemployment compensation on the basis of his separation from employment with the North American Refractories Company.

The claimant was laid off by his employer due to lack of work at the establishment. Before he was recalled to work he became 65 years of age, voluntarily retired and went on pension. There was no work available for him at the time he retired, but later, on July 16, 1953, work became available and had he not retired he would have been called back to work by his former employer on that date.

The previous case (175 Pa. Superior Ct. 592, 106 A. 2d 687) involved claims for compensation for weeks prior to July 16, 1953. We there held that although the claimant's voluntary retirement was a leaving "without good cause," nevertheless his unemployment during the period then in question was not "due to" his retirement, but rather to the absence of available work, and therefore he was entitled to compensation during those weeks.

In the appeal now before us compensation subsequent to July 16, 1953 is involved. As we suggested in our previous opinion the claimant's unemployment after that date was not due to his being laid off but was due to his voluntary retirement.

The claimant now contends, however, that the work which he would have been offered had he not retired would not have been suitable for him. Thus the claimant, after voluntarily cutting himself off from recall by his last employer, is attempting to question the suitability of the work he *would* have been offered had he not resigned.

If this would be a proper subject of inquiry, it would doubtlessly be followed by an inquiry into whether the employer would have modified the duties or offered the claimant other work had the employe indicated at that time that the proffered work was unsuitable. It would also be necessary to determine whether

the work which would have been offered would in fact have been unsuitable.

To determine claimant's eligibility on the basis of such factors would be to travel a pathway paved with suppositions leading from the realm of fact to the realm of conjecture.

The claimant herein, by his unequivocal act of retiring, lost the opportunity to consider whether the job would or would not be suitable for him. He would have been offered gainful employment had he chosen to remain on the active rolls of the company. Thus his voluntary retirement became the proximate cause of his unemployment after July 16, and he must accordingly be disqualified under the provisions of Section 402(b) of the Unemployment Compensation Law, supra, as amended by the Act of May 23, 1949, P. L. 1738, §11, 43 PS §802.

Furthermore, even were the claimant not disqualified under Section 402(b) he would nevertheless have been ineligible under the provisions of Section 401(d) of the Unemployment Compensation Law as amended by the Act of September 29, 1951, P. L. 1580, §13, 43 PS §801(d).

The Referee found as a fact that: "During the period herein involved, from the week ending July 17, 1953, through October 2, 1953, the claimant made no independent search for work and was not interested in obtaining work because he believed he had the right to draw his second year benefits until their expiration, and, being in this retirement status, the claimant felt that no duty rested upon him to seek other employment."

This finding affirmed by the Board of Review's order was supported by substantial competent evidence and clearly indicates that the claimant who was apply-

ing for benefits in his second benefit year was not available for work.

As Judge Ross stated in the *Bernotas Unemployment Compensation Case,* 175 Pa. Superior Ct. 437, 439, 106 A. 2d 638 (1954) : "Claimant's passive attitude relative to seeking employment was indicative of want of good faith and would negative any conclusion that he was willing to accept suitable work."

Order affirmed.