## Gianfelice Unemployment Compensation Case. Warner Company, Appellant, v. Unemployment Compensation Board of Review.

Argued March 10, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Roy Wilkinson, Jr.*, with him *Love & Wilkinson*, for employer, appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for Unemployment Compensation Board, appellee.

*Bernard N. Katz*, with him *Meranze and Katz*, for claimant, intervenor-appellee.

OPINION BY WRIGHT, J., April 16, 1958:

The claim of Antonio Gianfelice for unemployment compensation was denied by the Referee upon the ground that the claimant had voluntarily terminated his employment and was therefore ineligible for benefits under Section 402(b) of the Unemployment Compensation Law. Act of 1936, P. L. [1937] 2897, 402(b), 43 P. S. 802(b). The Board of Review reversed the decision of the Referee and allowed the claim. This appeal by the employer followed.

Claimant was a member of Local 92 of the United Cement, Lime and Gypsum Workers International Union. The collective bargaining agreement between the union and Warner Company, claimant's employer, provided that the retirement of employes should be

governed by the terms of an employe retirement plan attached to and made a part of the agreement. The pertinent portion of this plan reads as follows: "Section IV. Retirement and Qualifications for Benefits. 1. Each participant who, while an employee of the Company has attained age 65 on July 1, 1950, or attains age 65 thereafter, shall be eligible to retire on July 1, 1950, or his attainment of age 65, whichever is later, and, if he has completed 10 or more years of continuous service, shall be eligible for retirement income benefits computed in accordance with Section V hereof. 2. A participant may remain in service of the Company after his attainment of age 68 or July 1, 1952, whichever last occurs, only with the consent of the Company and upon his retirement thereafter, if otherwise qualified, he shall be entitled to receive retirement income benefits".

Claimant had been continuously employed by Warner Company since January 1, 1918. According to the terms of Section V of the employe retirement plan, the amount of income is calculated on the basis of retirement as of the first day of the month next following the attainment of age 68. Claimant attained age 68 on January 14, 1956. He desired to remain in service but the Company would not consent, so that claimant's last day of work was January 31, 1956. It was stipulated that claimant's services were terminated under Section IV. 2. of the employe retirement plan.

The employer contends that claimant's retirement constituted a voluntary quit, whereas claimant contends that his retirement was involuntary. It is claimant's position that, since the employer had "the discretion as to whether or not to continue claimant in his employment", the agreement does not compel retirement at age 68 but "simply strips the individual of his contractual job security". We are not in accord with

this interpretation. On the contrary, we are clearly of the opinion that, so far as the employes are concerned, the agreement not to remain in service after age 68 constitutes a mandatory obligation, the effect of which cannot be avoided merely because the employer might have elected not to require compliance.

The members of a union are bound by the action of the union as their agent in negotiating collective bargaining agreements with their employer: *Povey v. The Midvale Co.*, 175 Pa. Superior Ct. 395, 105 A. 2d 172; *McCullough Unemployment Compensation Case*, 175 Pa. Superior Ct. 402, 105 A. 2d 176. In *Means Unemployment Compensation Case*, 177 Pa. Superior Ct. 410, 110 A. 2d 886, the collective bargaining agreement provided that a female employe would be required to resign if she married. We held that a claimant who was refused permission to work after her marriage, although she was willing and able, was voluntarily unemployed. In *Campbell Unemployment Compensation Case*, 180 Pa. Superior Ct. 74, 117 A. 2d 799, we held that an employe who had retired was not entitled to benefits. It is true that claimant in the *Campbell* case retired voluntarily. However, claimant's retirement in the case at bar was also voluntary in the legal sense since his services were terminated under the provisions of a contract negotiated by his bargaining agent.

In *Shadowens Unemployment Compensation Case*, 177 Pa. Superior Ct. 49, 110 A. 2d 258, it was contended that an agreement regarding shutdowns for vacation purposes placed discretion in the employer as to whether or not the plant would close. We therein rejected the argument that, since there was no conclusive obligation upon the employer, the unemployment was involuntary. Similarly in the present case, the fact that the employer might waive compliance does not vitiate claimant's agreement to retire. His resulting idleness

while receiving retirement income is not the type of economic insecurity due to involuntary unemployment without fault which was within the contemplation of the legislature in the enactment of the Unemployment Compensation Law.

In conclusion, claimant agreed to retire at age 68 if the employer did not consent that he remain in service. Since claimant attained age 68 and the employer did not consent, claimant was obliged to retire. In view of the fact that his services were concededly terminated under the provisions of the employe retirement plan, which was incorporated in the collective bargaining agreement, the employer's contention that claimant's retirement constituted a voluntary quit must be sustained.

Decision reversed.

———

DISSENTING OPINION BY WOODSIDE, J.:

I cannot agree with the majority in this case.

The claimant, in the words of the majority, "desired to remain in service but the Company would not consent." There was nothing in the collective bargaining agreement or elsewhere to prevent the claimant from continuing his employment except the refusal of his employer to continue to employ him. I do not understand how claimant's retirement can be considered "voluntary in the legal sense", or in any other sense. In my opinion when an employe is willing and able to continue his employment and his employer, in the exercise of discretion, refuses him the right to do so because of his age, the retirement is involuntary, and the employe is entitled to unemployment compensation. I would affirm the decision of the board.

ERVIN, J., joins in this dissent.