Adams Unemployment Compensation Case.

Argued March 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Clyde M. Hughes, Jr.,* and *John M. Adams,* in propria persona, for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WRIGHT, J., April 16, 1958:

The claim of John M. Adams for unemployment compensation was denied by the Bureau, the Referee, and the Board of Review upon the ground that claimant had voluntarily terminated his employment and was therefore ineligible for benefits under section 402(b) of the Unemployment Compensation Law. Act of 1936, P. L. [1937] 2897, 402(b), 43 P.S. 802(b). Claimant has appealed.

Appellant had been employed for over ten years by the Hardinge Manufacturing Company of York. His duties were those of a janitor. On June 1, 1956, having attained the age of 70 years, claimant voluntarily retired from his employment. He was not discharged or laid off, but simply quit because "I thought I was old enough". He was physically able to continue at his regular job, and work was available had he desired to remain employed.

Conceding, as counsel for appellant contends, that the Unemployment Compensation Law "is remedial, humanitarian legislation of vast import and its benefit sections must be liberally and broadly construed", we nevertheless are unable to perceive any possible theory upon which an award could be sustained in the case at bar. An employe who retires voluntarily is disqualified for benefits: *Campbell Unemployment Compensation Case*, 180 Pa. Superior Ct. 74, 117 A. 2d 799. And see *Gianfelice Unemployment Compensation Case*, 186 Pa. Superior Ct. 186, 142 A. 2d 739.

Decision affirmed.