Bessie L. STEWART et al., Appellants,

v.

Eugene JACKSON et al., Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1961.

P. H. Vincent, Ashland, for appellants.

G. B. Johnson, Jr., David O. Welch, Dysard, Dysard & Johnson, A. W. Mann, Ashland, for appellees.

MONTGOMERY, Judge.

Bessie L. Stewart and Zella Stewart sued to recover damages to their real estate from

the alleged maintenance of a nuisance by Eugene Jackson. They appeal from a judgment based on an adverse jury verdict. A previous appeal from an order denying an injunction was dismissed. Stewart v. Jackson, Ky., 311 S.W.2d 568.

Under the points and authorities in appellants' brief, two errors are assigned: (1) The verdict of the jury is not supported by the evidence and is contrary to law; and (2) the instructions are erroneous. On page 3 of the brief the trial court's rulings on the competency and incompetency of certain evidence are assigned as errors. Counsel has been content to state that certain evidence was erroneously admitted or denied admission, without giving any reasons for such statements and without making argument in support thereof.

■ There are two rules which justify ignoring such claimed errors. First, such questions were not embraced in the statement of points and authorities of the appellants' brief as required by RCA 1.210, James v. Holt, Ky., 244 S.W.2d 159; and second, questions presented in appellants' brief unsupported by argument will be deemed meritless and will not be considered. Craft v. Hall, Ky., 275 S.W.2d 410; Herrick v. Wills, Ky., 333 S.W.2d 275.

■ Similarly, for the latter reason, the second ground of the appeal based on the alleged erroneous instruction is not considered. The only enlightenment contained in the brief on the alleged erroneous instruction is quoted: "Another reason why this case should be reversed is that the court committed error in its instruction to the jury." This is followed by the statement that the court instructed the jury, quoting the instruction. The appellants' brief has been scrutinized. Nowhere therein is there any statement or argument in support of this claimed error. This being the case, the Court is not justified in considering such assignment of error. It may be added that such questions except in extraordinary cases will not be considered on a petition for

rehearing either, since the consideration is then limited to matters argued on the appeal. RCA 1.350(b).

There remains for consideration the question of the sufficiency of the evidence to support the verdict. Appellants complain that the operation of a parking lot by appellee Jackson constitutes the maintenance of a nuisance.

Jackson began the operation of the lot in June 1955 on property owned by him at the corner of 17th Street and Central Avenue in Ashland, Kentucky. Each appellant owns a residence adjoining the lot. The Bessie L. Stewart residence faces 17th Street and to the south of the parking lot. Zella Stewart's residence faces Central Avenue and to the east of the lot. Bessie's property is bounded on the right by the double tracks of the Chesapeake & Ohio Railroad. Her house faces the rear of the A&P foodstore and its loading platform and parking lot. Zella's property is bounded on the rear by the Chesapeake & Ohio tracks.

The neighboring community is described as an extremely busy and noisy commercial section which is less than two blocks from downtown Ashland. Other parking lots, service stations, large groceries, and heavy traffic are present in the neighborhood.

Appellants complain of the dust, noise, and odor which they seek to attribute to Jackson's operation of the parking lot. In considering the sufficiency of the evidence, appellants in their motion for a new trial complained that the verdict was the result of passion and prejudice and that it was not sustained by sufficient evidence and was contrary to law.

■ There is nothing in the record or in appellants' brief to indicate that the verdict was the result of passion or prejudice on the part of the jury. As to the sufficiency of the evidence to sustain the verdict, this question was not raised at the conclusion of the introduction of the testimony. No motion for a directed verdict

was made by appellants. This failure constitutes a waiver of the right to challenge the sufficiency of the evidence by a motion for a new trial or on appeal. Claspell v. Brown, Ky., 332 S.W.2d 851.

There being a failure to preserve a timely challenge to the sufficiency of the evidence, and a failure to point out any error in the instructions, the verdict is that of a properly instructed jury. An examination of the record discloses that there was sufficient evidence to support the verdict.

Judgment affirmed.