**KENTUCKY UNEMPLOYMENT INSUR-ANCE COMMISSION et al., Appellants,**

**v.**

**KROEHLER MANUFACTURING COM-PANY of Kentucky et al., Appellees.**

**KENTUCKY UNEMPLOYMENT INSUR-ANCE COMMISSION et al., Appellants,**

**v.**

**BROWN–FORMAN DISTILLERS CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1961.

Paul E. Tierney, Forest Smith, Clarence E. Powell, Dept. of Economic Security, Frankfort, for appellants.

James U. Smith, Jr., Louis E. Woolery, Smith & Smith, Louisville, for appellees Kroehler Mfg. Co. of Ky., and others.

Malcolm Y. Marshall, James S. Welch, Ogden, Brown, Robertson & Marshall, Louisville, for appellee Brown-Forman Distillers Corp.

Robert T. Caldwell, Ashland, for amicus curiae Associated Industries of Ky.

MONTGOMERY, Judge.

The Kentucky Unemployment Insurance Commission has appealed in these consolidated cases from judgments in favor of the appellees, disqualifying various claimants from receiving certain benefits, reliev-

ing appellees' reserve accounts of any payments made or to be made to the claimants, and reversing the orders of the Commission. In its findings of fact and conclusions of law, the court held that the various claimants left their employment voluntarily without good cause under KRS 341.370(1)(b), and without good cause attributable to the employment under KRS 341.530(3).

The appellees are Kroehler Manufacturing Company of Kentucky, Kroehler Manufacturing Company, Container Corporation of America, and Brown-Forman Distillers Corporation. The appeals arose from the decisions of the Commission, holding that the various claimants, former employees of the various appellees who had retired under the terms of their respective retirement plans, were eligible for unemployment compensation benefits and the payments so made were to be charged to the respective reserve accounts of appellees. Ten employees were involved. They will be referred to as claimants unless identified by name. No appeal was taken by the Commission from a similar judgment in favor of the American Radiator & Standard Sanitary Corporation.

The retirement systems involved are similar. They were instituted by the respective employers in 1945 and 1946 for the benefit of their employees. The systems were not begun by reason of union agreements but later were embraced in collective bargaining agreements. Employees were permitted to participate in the systems by making written requests, but were not compelled to join. The systems were financed by the joint contributions of employers and employees. The benefits payable to each retiree were based on compensation received during employment and on creditable years of employment. It was permissible for an employee to withdraw from the system prior to retirement with an accompanying withdrawal of his contributions.

The plan provided for retirement at age 65 upon written application having been made, unless a special request to continue in employment was made. Provision was made for early retirement at a reduced allowance.

Under these plans, the Commission insists that the claimants were compelled to retire upon reaching age 65 and that their leaving was involuntary and with good cause attributable to the employment.

In order to show that the employee was not compelled to retire at age 65 and that retirement was voluntary, appellees point to the voluntary initial participation in the plan and the options available to the employee to withdraw from the plan or to retire early. Further, it is pointed out that upon reaching age 65, the employee may request an extension of employment instead of retirement. The exercise of any of these options and the initial decision by the employee to participate in the plan are voluntary actions on his part which relieve the retirement at age 65 from being compulsory.

Oddly enough, this argument is consistent with two decisions of the Commission involving the same questions and one of the same retirement systems in the cases of Kroehler Manufacturing Company v. Florence, Commission Order No. 2978, and Mengel Company, Inc., v. Lukemeier, Commission Order No. 2979, both decided before the present cases and reported at 1A CCH Unemp.Ins.Rep. (Ky.) ¶ 8222.10. In the Florence case, the Commission said:

"Notwithstanding, it is our opinion that when this claimant personally and without compulsion or coercion elected to become covered by the savings and retirement plan offered by the company (one of the conditions of becoming a member being that he would retire at the age of sixty-five) we feel that he personally chose retirement rather than employment which is tantamount to voluntary quitting. Further, the conditions under which he quit do not relate to the employment and we have no reason to hold that his quitting was attributable to the employment. We conclude that his act was not attributable to the

employment and that the reserve account of the appellant, the employer who furnished him his 'most recent' work should be relieved of charges for benefits paid."

In the Lukemeier case, the Commission said:

"In this case, the facts show that the claimant voluntarily and of his own initiative entered into a plan whereby he elected to sever his relationship with the company upon reaching the age of sixty-five unless certain extensions were granted. Such action on the part of a worker must be considered as a voluntary quitting of his employment. His election to retire being the sole cause of his separation, and there being no condition of his work or factor concerning the employment furnished him by the appellant to motivate or cause his quitting, it must be concluded that his separation was not attributable to his employment and, consequently, the provisions of KRS 341.530(3) became effective and the appellant's reserve account should be relieved of charges for benefits paid to the claimant."

Appellees have cited several decisions indicating that the Commission has held both ways on this question, both before and after the cases on appeal were decided. The Commission has not favored the Court with any explanation of the vacillation in its policy.

The quoted views expressed by the Commission in the Florence and Lukemeier cases are in accord with the principles expressed elsewhere. Bergseth v. Zinsmaster Baking Company, 252 Minn. 63, 89 N.W.2d 172; Lamont v. Director of Division of Employment Security, 337 Mass. 328, 149 N.E.2d 372; Campbell v. Unemployment Compensation Board of Review, 175 Pa.Super. 592, 106 A.2d 687; 180 Pa.Super. 74, 117 A.2d 799; Valles v. Unemployment Compensation Board of Review, 194 Pa.Super.

47, 166 A.2d 108, 8 CCH Unemp.Ins.Rep. (Pa.) ¶ 8878; Madison Gas & Electric Company v. Gardner, 9 CCH Unemp.Ins.Rep. (Wis.) ¶ 1975.52 (Wis.Cir.Ct.1951); John Morrell & Company v. ESC, 4 CCH Unemp. Ins.Rep. (Ia.) ¶ 1995.45 (Ia.Dist.Ct.1959); Regal Pale Brewing Company v. California Unemployment Insurance Appeals Board, 2 CCH Unemp.Ins.Rep. (Cal.) ¶ 8829 (Cal. Sup.Ct.1958); 48 Am.Jur., Social Security, Unemployment Insurance, and Retirement Funds, Section 34, page 52 (1960 Cum. Supp.).

■■ The authorities cited are in harmony with the principles in Unemployment Insurance Commission v. Cochran Foil Company, Ky., 331 S.W.2d 903. This view is also in accord with the declared public policy of this state as expressed in 1938 Acts, Chapter 50, Section 2. In substance, it was stated that involuntary unemployment was a subject of general interest and concern and that an enactment was required " * * * for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own * * * as a part of a national plan of unemployment compensation and social security." Barnes v. Hall, 285 Ky. 160, 146 S.W.2d 929, cert. den. 314 U.S. 628, 62 S.Ct. 59, 86 L.Ed. 505. The purpose of the General Assembly in the enactment of such legislation was to provide benefits for only those employees who have been forced to leave their employment because of forces beyond their control and not because of any voluntary act of their own.

The Commission relies on Campbell Soup Company v. Board of Review, 13 N.J. 431, 100 A.2d 287; and Warner Company v. Unemployment Compensation Board of Review, 396 Pa. 545, 153 A.2d 906. There was no declared legislative policy in either case, and in each case the employee participated in the retirement plan under a collective bargaining agreement, as opposed to the voluntary manner of participation here. If it is not enough to say that these are distinguishing factors, then this Court is

bound by the declared legislative policy as determined in prior decisions. The decisions in Renshaw v. United States Pipe & Foundry Company, 30 N.J. 458, 153 A.2d 673, and in Campbell v. Unemployment Compensation Board of Review, 180 Pa.Super. 74, 117 A.2d 799, appear to be inconsistent with the cases relied on by the Commission.

In the Campbell case, the employee elected to and did retire before reaching retirement age. It was held that this constituted voluntary quitting of his employment, barring an award of benefits. In this respect, the Campbell case is similar to two of the cases presented here. Employees Jinnett and Krause elected to and did retire early; that is, before reaching the prescribed retirement age. Jinnett did so in order to go to Florida to live. Krause's purpose was to look after her mother. Apparently the Commission concedes that such was a voluntary quitting of employment and was not attributable thereto since the point is not argued in brief. No further consideration of the appeals concerned with Jinnett and Krause is necessary. Stewart v. Jackson, Ky., 351 S.W.2d 53.

■ The Commission has questioned the voluntary agreement to participate in the retirement plan as being in violation of KRS 341.470(1), prohibiting an agreement to waive, release, or commute any benefits payable under Chapter 341, Unemployment Compensation. Reliance is placed on the Warner case. In addition to what has already been said concerning the voluntariness of the agreement, similar arguments were rejected in the Massachusetts, Minnesota, and Wisconsin cases cited. The agreement was not considered as a waiver by the Minnesota and Wisconsin courts, but was deemed an agreement for the voluntary termination of employment. The agreement here did not constitute a waiver under KRS 341.470(1).

Accordingly, it is held that the retirement of the employees involved, whether at age 65 or prior thereto, constituted a voluntary quitting of their employment which was not attributable to the employment and that the reserve accounts of the appellees should be relieved of any charges for benefits paid to these employees.

Judgments affirmed.