John Coleman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1979, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*John Stember,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 1, 1979:

The appellant, John Coleman, was laid off from his employment under circumstances which qualified him

to receive unemployment compensation benefits. About two weeks later, he returned to his employer's place of business to obtain his final paycheck and engaged in a heated argument with his employer's personnel manager, whom he assaulted. Coleman's conduct on this occasion was clearly willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). The Unemployment Compensation Board of Review declared Coleman ineligible for any compensation for willful misconduct by reason of the assault on the personnel manager. We reverse and remand.

Section 402(e) of the Law, 43 P.S. §802(e), renders an employee ineligible for compensation for any week ''in which his unemployment is due to his discharge . . . for willful misconduct. . . .'' Prior to a time when Coleman would have been recalled from lay-off, his unemployment was due to having been laid off; it was, during this time, not due to his willful misconduct occurring after the lay-off. *Campbell Unemployment Compensation Case*, 175 Pa. Superior Ct. 592, 106 A.2d 687 (1954), is in point and dispositive. There the employee was laid off and later voluntarily quit on pension. The Superior Court held that he was entitled to compensation from the date he was laid off until the date the record showed he would have been recalled, although he had voluntarily quit before the recall date. Judge WOODSIDE's cogent analysis of the issue in *Campbell, supra*, makes further discussion on our part unnecessary.

It is true, as stated in Coleman's brief, that the claimant adduced evidence consisting of his and a union steward's testimony that the lay-off might have continued during the whole period of Coleman's eligibility for compensation, and that the employer, which did not appear, of course adduced no evidence on the

point. We nevertheless believe that we should, in reversing the Board of Review's order, remand the record for further evidentiary proceedings and a finding by the Board of Review as to the date upon which Coleman would have been recalled if he had not committed an act of willful misconduct and for the award of compensation until such date of recall.

### ORDER

AND Now, this 1st day of October, 1979, the order of the Unemployment Compensation Board of Review is reversed and the record is remanded for further proceedings to establish a date upon which the claimant would have been recalled had he not committed an act of willful misconduct, and for the award of compensation until such date of recall.