James Stark, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Alphonse P. Lepore, Jr.,* for petitioner.

*James Bradley,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Rogers, January 10, 1980:

James Stark has appealed from a decision of the Unemployment Compensation Board of Review affirming a referee's decision denying him benefits on the ground that he was discharged from employment for willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The appellant was employed for about two weeks as a dump truck driver for Mashuda Corporation. On November 4, 1977, while the appellant was driving along a rough road the bed of the truck raised, struck overhead telephone lines and toppled a telephone pole. Mashuda discharged Stark who applied for but was denied unemployment compensation benefits. After a hearing at which Stark was the only witness, a referee found that Stark had been negligent and concluded that he had been discharged for willful misconduct. The Board of Review affirmed the referee's decision, making the additional finding that the appellant had violated Mashuda's standard operating procedures. This appeal followed. We reverse.

The appellant says that the Board's and referee's finding that he had been negligent are not supported by substantial evidence. We agree. The record of the referee's hearing consists of five pages of testimony, made up largely of the referee's statements concerning his personal knowledge of the work site where the accident took place. The only explanation of how the accident occurred is found in the appellant's Summary of Interview statement where he wrote that the roughness of the road he was driving on must have caused the activating lever of the truck's dump bed to move into the ''up'' position. This does not support the finding that the appellant was negligent. The Board's finding that the appellant vio-

lated his employer's operating procedures has even less support in the record as there was no evidence that such procedures even existed.

Further, even if negligence could be inferred, this single act of negligence was not sufficient to constitute willful misconduct. In order to constitute willful misconduct under Section 402(e) of the Law an employee's negligence must be of such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 213 A.2d 221 (1965). In *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975), we held that a single dereliction or casual act of negligence does not constitute willful misconduct, but that a series of accidents producing substantial financial loss is necessary to support a finding of willful misconduct. *See also Coleman v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 295, 407 A.2d 130 (1979). Here there was but one accident and only speculative evidence of financial loss.

Finally, the Board asks, if we conclude that the case was erroneously decided below, that we nevertheless remand so that a determination might be made as to whether Stark might not be ineligible for having failed to earn six times his weekly benefit rate after a disqualifying separation from a previous employment as provided by Section 401(f) of the Law, 43 P.S. §801(f). This proposal is unappealing. The facts which the Board says suggests the issue— that Stark worked for Mashuda for only eleven days and earned only about $800—were known to the Board when it last had the matter before it and no reason

is now offered for its having been then overlooked. Further, it is speculative. There is no indication in the record that Stark was separated from a previous employment under disqualifying circumstances, nor it is now represented that such was the fact.

### ORDER

. AND Now, this 10th day of January, 1980, the order of the Unemployment Compensation Board of Review is reversed and the record is remanded for computation and payment of benefits.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.