Troy C. Hayes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1984, before Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*John Stember,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, November 16, 1984:

Troy C. Hayes appeals from the decision and order of the Unemployment Compensation Board of Review denying benefits and assessing a non-fault overpayment.

Hayes does not contest the Board's factual findings; furthermore, we find no significant conflict between the findings and the record evidence. Those findings and the record reflect that Hayes was employed as a grinder for a manufacturing company for eight years. On October 24, 1981, he received an indefinite lay-off; he subsequently applied for and was granted unemployment compensation benefits. In December of 1981, while Hayes was still on lay-off, the employer was notified by its medical insurance carrier that inflated drug prescription claims had been submitted under Hayes' coverage. The employer made an independent investigation and determined that during a period of approximately three years, false claims in an amount in excess of $600.00 had been made on Hayes' medical coverage. When confronted with the results of the investigation, Hayes asserted that he was unaware of the false claims, and that they were

made by his wife; he offered to make restitution. As a result of its investigation, the employer suspended Hayes, and then converted the suspension to a discharge, effective January 26, 1982.

Based on its finding that "[f]alsified claims had been submitted *by the claimant or on his behalf* . . ." (emphasis added), the Board determined that Hayes was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] due to willful misconduct from the date of his suspension. Hayes contends that the Board erred by attributing his unemployment to the suspension and discharge when at no time covered by the record was there any immediate prospect of his being recalled to work.

*Coleman v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 295, 406 A.2d 259 (1979) is controlling on this issue. In *Coleman,* a claimant was laid off from his job under circumstances which qualified him for benefits. Subsequent to his lay-off the claimant engaged in conduct which constituted willful misconduct by assaulting the employer's personnel manager. Despite this misconduct, we determined the claimant eligible for benefits until such time as he would have been recalled but for the incident for which he was discharged. We stated that "[p]rior to a time when Coleman would have been recalled from lay-off, his unemployment was due to having been laid off. . . ." 46 Pa. Commonwealth Ct. at 296, 406 A.2d at 260. Similarly, Hayes' unemployment was due to lay-off until such time as he would have been recalled had it not been for his suspension and discharge.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Under this section, a claimant is ineligible for benefits for any week in which his unemployment is due to willful misconduct connected with his work.

The Board argues that this case is distinguishable from *Coleman* in that the dischargeable offense in *Coleman* took place after the lay-off, while the alleged misconduct in this case occurred prior to the lay-off, and was only discovered thereafter. We do not credit this distinction. In addressing the Board's argument, we refer again to the analysis explicated in *Campbell Unemployment Compensation Case,* 175 Pa. Superior Ct. 592, 106 A.2d 687 (1954), a case which in *Coleman* we deemed dispositive. In *Campbell,* the claimant, after a qualifying lay-off, opted voluntarily to leave on retirement. While concluding that this retirement was a voluntary leaving without good cause, the Superior Court held that this factor was not operative until such time as his retirement would have prevented his recall. Judge Woodside, in his analysis, stated:

> [P]rior to July 16 the company was not able to furnish employment to the claimant as a result of a slackening of work at the establishment, and this was so irrespective of whether the claimant was on the active or the retired list. Thus the claimant could not become unemployed as a result of his own voluntary act until such time as his retirement *was* the proximate cause of his unemployment—the uncontroverted testimony indicates that July 16 was the "time," for on that date he would have been recalled to work had he not retired. 175 Pa. Superior Ct. at 596, 106 A.2d at 689 (Emphasis in original).

By parity of logic, the employer in this case had no employment for Hayes, regardless of whether his suspension and discharge would have disqualified him for recall. This fact would not have been altered had the incidents for which Hayes was discharged occurred after, as opposed to before his lay-off.

Under circumstances such as these, we would normally be obligated to remand the case for a further hearing to determine the time at which the claimant would have been recalled but for the behavior which caused his discharge. *See Coleman,* 46 Pa. Commonwealth Ct. at 297, 406 A.2d at 260. However, a remand is unnecessary in this case because the Board's findings do not support a determination of willful misconduct. That is because there is no finding of fact which squarely places responsibility for the false claims on Hayes. Rather, the Board entered an equivocal finding that the claims were submitted by or on behalf of Hayes, thereby suggesting that even if the facts were as Hayes asserted—that his wife, without his knowledge, altered the prescription forms—he was still chargeable with willful misconduct. Furthermore, we find nothing in the record which constitutes either positive or circumstantial evidence of wrongdoing by Hayes himself. We believe that the fault concept on which the Law is predicated and the liberal purpose of the Law militate against a determination of willful misconduct in the absence of evidence and a finding that Hayes knowingly participated in, authorized or knowingly benefitted from the falsification of the prescription claims. The Board has made no finding, and the record contains no evidence consistent with this level of fault.

Accordingly, the decision and order of the Board is reversed.

### Order

And Now, this 16th day of November, 1984, the decision and order of the Unemployment Compensation Board of Review at Decision No. B208660 is reversed.

Judge Joseph T. Doyle dissents.