RENDERED: DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0548-MR

RUBEN RIOS SALINAS          APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.      HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NOS. 98-CR-01270 & 03-CR-01296

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: Ruben Rios Salinas appeals a March 20, 2020 order of the

Fayette Circuit Court denying his RCr[1] 11.42 motion to vacate his prior criminal

conviction. Upon review, we affirm.

---

[1] Kentucky Rule of Criminal Procedure.

# RELEVANT FACTUAL AND PROCEDURAL HISTORY

On September 6, 2005, following a jury trial in Fayette Circuit Court, Salinas was found guilty of manslaughter in the first degree, criminal attempt of theft by extortion, and being a persistent felony offender ("PFO") in the second degree. After the circuit court announced the jury's sentencing recommendations, the following exchange occurred between the circuit court, Salinas, and Salinas's counsel:

> COURT: Mr. Salinas, you have heard the verdict of the jury.
>
> SALINAS: Yes, I have.
>
> COURT: I will inform you now and you'll be told again that you will have the right to appeal. If you cannot afford an attorney to assist you in that appeal, the courts would appoint one for you.
>
> SALINAS: Yes, sir.
>
> COURT: We'll order a presentence investigation report.
>
> COUNSEL FOR SALINAS: Your honor, may I address that please, briefly? There is one. There was one prepared in, not well, in early 2000. All that would be required would be an updated custody credit. Some of the personal and family information has unfortunately changed just slightly. But he is not eligible for probation and we would like to waive formal final sentencing in front of your honor and go ahead and have the sentence imposed today.
>
> SALINAS: (Nodding) Yes, sir.

COURT:  Is that correct, Mr. Salinas?

SALINAS:  That's correct.

COURT:  You've discussed this with counsel?

SALINAS:  Yes, we have.

Concluding the exchange, the circuit court stated from the bench: "Then at this time I will impose the sentence based on the recommendation of the jury, note that you waived separate sentencing for the reason of a presentence investigation report."  On September 12, 2005, the circuit court then entered judgment consistent with the jury's verdict and sentencing recommendations. Consistent with the exchange set forth above, the judgment also noted Salinas had knowingly and voluntarily waived his right to have the circuit court consider a new presentence investigation report prior to imposing his sentence.

Years of post-judgment proceedings followed.  Relevant to this matter, Salinas appealed, but his appeal was unsuccessful.  *See Salinas v. Commonwealth*, No. 2005-SC-000782-MR, 2008 WL 2167065 (Ky. May 22, 2008).  In 2012, he moved to set aside the circuit court's judgment pursuant to RCr 11.42, but his motion was unsuccessful.  *See Salinas v. Commonwealth*, No. 2012-CA-001967-MR, 2014 WL 1268699 (Ky. App. Mar. 28, 2014).  On November 30, 2015, he then moved to vacate the circuit court's judgment pursuant to CR[2] 60.02;

---

[2] Kentucky Rule of Civil Procedure.

likewise, he was unsuccessful. *See Salinas v. Commonwealth*, No. 2016-CA-000605-MR, 2017 WL 3669077 (Ky. App. Aug. 25, 2017). Notably, an issue Salinas never raised in any of those proceedings was the circuit court's decision to not consider a new presentence investigation report prior to imposing his sentence.

However, that changed on November 7, 2019, when Salinas filed what he styled a "Motion For P.S.I. Update." In pertinent part, he argued:

> The Petitioner respectfully moves this Court to order the Division of Probation and Parole to prepare and submit an updated Presentence Investigation report for the 2005 trial of 98-CR-1270/03-CR-1296, pursuant to KRS[3] 532.050. A 2005 PSI was wrongly and wrongfully waived by the trial attorney in favor of the available P.S.I. from the reversed 98-CR-1270 conviction of 1999/2000.

The circuit court entered an order denying his motion on November 12, 2019, explaining "no legal basis" supported it. Undaunted, Salinas then filed a "Motion To Vacate Judgment Pursuant to RCr's 10.02, 10.06, 11.42; KRS 532.050." His motion, dated November 21, 2019, asserted in relevant part:

> This Motion originates from an October 29, 2019 parole hearing where the Defendant learned that the parole board was using the Presentence Investigation Report (PSI) from the 1999/2000 trial, and not the 2005 retrial. Research of KOMS [Kentucky Offender Management System] by Caseworker J. Harris confirmed there was no 2005 PSI conducted. A 'Motion for PSI Update' was submitted on November 5, 2019 and the Fayette Circuit

---

[3] Kentucky Revised Statute.

-4-

Court denied and entered, 11/12/19, finding "no legal
basis to support such a motion."

Additional research indicates the Defendant is
imprisoned on an invalid judgment, pursuant to, and in
violation of, KRS 532.050(1). Case law agrees with
remanding this matter for resentencing.

The Commonwealth responded, claiming Salinas's motion lacked merit and was otherwise improper. In that vein, its reasoning was consistent with our analysis set forth below. On March 20, 2020, the circuit court denied Salinas's motion, explaining "[t]here is nothing in the record that would support that the Defendant is currently imprisoned on an invalid judgment considering RCr 11.42 and [CR] 60.02." This appeal followed.

## ANALYSIS

On appeal, Salinas clarifies the procedural basis of his "Motion To Vacate Judgment" was RCr 11.42. He reasserts his argument that, in his view, the circuit court violated KRS 532.050(1) in 2005 when it sentenced him without first ordering and considering a new PSI.

As the Commonwealth observes, however, what is now Salinas's latest of several collateral attacks upon his 2005 conviction is procedurally barred. RCr 11.42(10) provides:

Any motion under this rule shall be filed within three
years after the judgment becomes final, unless the motion
alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

Here, Salinas filed his motion well beyond the three-year limitation period specified in RCr 11.42(10). Subsection (a) did not excuse his untimely motion because "the facts upon which [his] claim is predicated" have been known to Salinas and easily ascertainable since 2005 (*e.g.*, prior to his direct appeal),[4] considering his September 6, 2005 exchange with the circuit court and the circuit court's acknowledgment of his knowing and voluntary waiver in its September 12,

---

[4] Because the facts upon which Salinas's claim is predicated have been known to Salinas or easily ascertainable since prior to his direct appeal – and thus could and should have been raised in his direct appeal, if not his *first* RCr 11.42 motion – Salinas's November 21, 2019 motion would be procedurally barred even if (as the circuit court postulated) it could also have been regarded as a CR 60.02 motion:

> CR 60.02 does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42. That is, CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or an RCr 11.42 proceeding. Indeed, RCr 11.42(3) makes clear that the movant shall, in his RCr 11.42 petition, state all grounds for holding the sentence invalid of which the movant has knowledge. Thus, final disposition of a movant's RCr 11.42 motion shall conclude all issues which could reasonably have been presented in the same proceeding.

*Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (internal quotation marks and citations omitted).

2005 judgment. Subsection (b) also provides no exception because Salinas is asserting the violation of a *statute*, not a "fundamental constitutional right." In addition, this was Salinas's *second* RCr 11.42 motion, and successive RCr 11.42 motions are prohibited. *Fraser v. Commonwealth*, 59 S.W.3d 448, 454 (Ky. 2001).

Apart from the fact that Salinas's motion was untimely and improper, however, Salinas's motion also lacked merit. The Commonwealth aptly explains this point in its brief, and we adopt its reasoning:

> Salinas claims that "the trial judge and defense attorney violated [KRS 532.050(1)] by not observing or applying it at the 2005 trial or on review of this Motion To Vacate by the Appellant." (Appellant's Br. at 4.) Salinas argues that "KRS 532.050(1) states in 'mandatory' language that no sentence shall be imposed for a felony without first ordering a presentence investigation (P.S.I.) and giving consideration to the written P.S.I., and it shall not be waived." (*Id.*) Salinas correctly summarizes the statute, but fails to recognize that the criminal rules allowed for waiver of a presentence investigation (and still do), despite the language of KRS 532.050(1).
>
> In 2005, the relevant portion of RCr 11.02 stated:
>
> > Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall, if the defendant is guilty of a felony, cause a presentence investigation to be conducted, examine and consider the report, and advise the defendant or the defendant's counsel of the contents of the report pursuant to KRS 532.050. *The*

-7-

> *defendant may waive the presentence*
> *investigation report.*

RCr 11.02(1) (emphasis added).

Discussing the conflict between the mandatory language of KRS 532.050(1) and the discretionary language of RCr 11.02(1), in *Roe v. Commonwealth*, 493 S.W.3d 814, 829 (Ky. 2015), our Supreme Court unequivocally held that trial courts do have the discretion to allow defendants to waive their right to a presentence investigation.[FN]

> [FN] KRS 532.050(1) and RCr 11.02(1) have both changed since 2005, but those changes have no bearing on the claim raised by Salinas.

The Court stated:

> Recognizing the delicate balance between the desire to honor legislative choices and our own inherent constitutional authority to promulgate rules of court procedure, we have adequately preempted this issue and charged trial judges with the discretion to allow defendants to waive their rights to a PSI Report.

*Id.*

*Roe* relied on *Alcorn v. Commonwealth*, 557 S.W.2d 624, 626 (Ky. 1977), wherein our Supreme Court also held that "the presentencing procedures set forth by the statute may be waived by a criminal defendant." *Roe* also relied on *Hulett v. Commonwealth*, 834 S.W.2d 688, 692 (Ky. App. 1992), wherein a panel of this Court found that it was not reversible error to allow voluntary waiver of a presentence investigation pursuant to RCr 11.02. *Hulett* reasoned, "The Supreme Court in 1987 held that

-8-

the separation-of-powers doctrine of Kentucky's Constitution prohibits a legislative attempt to invade the rule making prerogative of the Supreme Court by legislatively prescribing rules of practice and procedure." *Id*. (quotation and citation omitted).

Stated differently, when Salinas waived his right to a PSI on September 6, 2005, the circuit court *was* – contrary to the sole argument Salinas posed in his RCr 11.42 motion at issue in this matter – authorized to accept his waiver. In short, the circuit court committed no error in denying Salinas's improper and meritless motion.

## SALINAS'S "CO-CLAIM"

In his notice of appeal, Salinas represented that the only subject of this appeal would be the circuit court's "March 20th, 2020 denial of his RCr 11.42 <u>Motion To Vacate</u>." Nevertheless, in his brief Salinas raises what he has dubbed a "co-claim" relating to a different order the circuit court entered on December 4, 2019. By way of background, the circuit court apparently received a letter from Salinas shortly prior to that date. The letter is not of record, but its substance is somewhat indicated in the December 4, 2019 order itself. There, the circuit court stated:

> Upon the Court receiving a letter from the Defendant asking the Chief Judge to remove Judge Kim Bunnell from the above action, since I am the Chief Judge I am treating the Letter as a Motion for me to Recuse. After considering the request, the Court DENIES the Motion.

The record provides nothing more regarding this matter beyond that. And, while Salinas presents a few additional details about it in his brief, his purpose for doing so is unclear. The extent of what he states in this vein is as follows:

> The Appellant made a request via an ex parte letter a [sic] change of divisions to the Chief Judge of Fayette Circuit Court. The Chief Judge is the same of [sic] this case. The letter was treated as a Motion and denied pursuant to the 12/19/19 Order. How appropriate it was to do that is unknown, but it leaves the original ex parte letter in July 2012,[5] and the November 2019 letter unresolved as to whether an actual bias or a personal social impediment existed. This Court is asked to review this potential claim.

With that said, even if this "potential claim" was preserved for purposes of this appeal – and it was *not* – it merely presents unsupported speculation and open-ended questions. CR 76.12(4)(c)(v) provides, in part, that an appellant's brief shall contain "[a]n 'ARGUMENT' conforming to the [S]tatement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law[.]" Salinas's "potential claim" violates this standard, as it is not an argument. Consequently, we will not review it. *See Cherry v. Augustus*, 245 S.W.3d 766, 781 (Ky. App. 2006); *see also*

---

[5] Apart from failing to indicate the relevance of this purported "July 2012 letter" to any cognizable argument, Salinas likewise fails to indicate its location in the roughly 1,500 pages of the circuit court record, assuming it exists.

*Stewart v. Jackson*, 351 S.W.2d 53, 54 (Ky. 1961) (citations omitted) ("questions presented in appellants' brief unsupported by argument will be deemed meritless and will not be considered.").

## CONCLUSION

The Fayette Circuit Court committed no error in denying Salinas's successive RCr 11.42 motion at issue in this matter. We therefore AFFIRM.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Ruben Rios Salinas, *pro se* Eddyville, Kentucky | Daniel Cameron Attorney General of Kentucky |
| | Aspen Roberts Assistant Attorney General Frankfort, Kentucky |