## Wallace Unemployment Compensation Case.

Argued September 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward J. McGlinchey,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY HIRT, J., November 14, 1958:

The claimant was hired by Mohawk Devices, Inc., as a machinist at $1.60 per hour. After working for but six weeks a demand was made on him to join the

shop union. He refused and his last day of work for this employer was October 7, 1957. The bureau took the view that his employer was justified in discharging claimant on that date, under §402(e) of the Unemployment Compensation Act, 43 PS §802. The bureau's conclusion was that claimant's refusal to join the union constituted willful misconduct connected with his work. The referee, on appeal, found: "2. At the time he was hired, the claimant was informed that he would have to join the Union in the shop after two months of employment, and that he would have to pay $5.00 for initiation fee, and $3.20 each month for dues." On this finding, however, the referee denied benefits, not under §402(e) supra, but under §402(b) of the Act, on the ground thus stated in his decision: "The Bureau ruled that the claimant had been discharged for willful misconduct connected with his work, within the meaning of Section 402(e) of the Law. The record clearly shows that as a condition of employment, known by claimant at the time of hire, the claimant would be required to join the Union after a certain period. The claimant refused to join the Union on the wages he was receiving. The Referee is convinced that the claimant's choice to leave his employment was without a reason of a compelling and necessitous nature and he is disqualified under Section 402(b) of the Law." On further appeal by the claimant, the board vacated the second finding of the referee, quoted above, and substituted the following: "2. After working six weeks, the claimant was approached about joining a union. He refused to join the union and left this employment." The board nevertheless concluded that claimant was disqualified within the meaning of §402(b) of the Act on the view that he terminated his employment voluntarily and without compelling and necessitous reasons.

There is clear error in the decision of the board. A claimant who refuses to join a union is not barred from unemployment benefits unless he had knowledge that the employer operated a closed shop when he applied for work and joining the shop union was made a condition of his employment, in the contract of hiring. On this issue the claimant testified that at the time of hiring he was not told anything about joining a union and that he "didn't know until several weeks later that they had a union." And he said that he did not voluntarily leave his job but "was no longer permitted to work when he refused to join the union", i.e., he was discharged. The testimony of the employer in this record is insufficient to charge claimant with notice, at the time of hiring, that membership in a union was made a condition of his continued employment. The representative of the employer who hired claimant was not produced as a witness. And there is no unequivocal testimony on behalf of the defendant rebutting claimant's testimony as to the circumstances under which he was hired and the terms of his employment contract.

We are all of the opinion that the proceeding must be remanded to the board for a specific finding, after further hearing and the taking of additional testimony on the above controlling issue of fact. The claimant may be disqualified under §402(e) or not at all depending upon the proofs at the remand hearing on that issue.

Decision reversed and the case remanded to the board for further proceedings consistent with this opinion.