## Butler Unemployment Compensation Case.

606

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*David J. Conroy,* with him *William J. Garvey,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY ERVIN, J., June 10, 1959:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review that she was ineligible to receive unemployment compensation as she was voluntarily unemployed without cause of a necessitous and compelling reason, under §402(b) of the Act, 43 PS §802(b).

Claimant was hired as an assembler by L-U-C-E Luggage Company in the first week of April 1957. At the time she was hired, she was not informed by the employer that it had a contract with International Leather Goods and Novelty Workers' Union, which required that she join the union 30 days after hiring. On May 24, 1957 her plant manager explained the union contract to her. Prior to this date the shop steward also had explained the union contract to her. She would have been required to pay a $5.00 initiation fee and dues of $.50 a week to the union. Her starting salary was $1.00 an hour. She refused to join the union. On May 24, 1957, at which time she had worked approximately seven weeks, she was informed by her employer that she would no longer be allowed to continue working because she had not accepted membership in the union.

In *O'Donnell Unemployment Compensation Case*, 173 Pa. Superior Ct. 263, 98 A. 2d 406, we held that a claimant who lost her job because she did not pay the required union fee, did not take those precautions to guard her job which a reasonably prudent person would take. We further stated that there might be circumstances in which a union's demands upon an employe might be so severe and unreasonable as to justify her actions and become a compelling and necessitous reason for refusing to continue in employment. In the instant case, however, there was no evidence to indicate any unreasonable demands by the union either for the initiation fee of $5.00 or the weekly dues of $.50. The claimant relies solely upon *Wallace Unemployment Compensation Case*, 187 Pa. Superior Ct. 618, 145 A. 2d 902, wherein we remanded the case to the board for a specific finding, after further hearing and the taking of additional testimony, on the question of whether the claimant had been advised at the time of the hiring that he would have to join the un-

ion. We did say that "A claimant who refuses to join a union is not barred from unemployment benefits unless he had knowledge that the employer operated a closed shop when he applied for work and joining the shop union was made a condition of his employment, in the contract of hiring." In that case we unfortunately failed to distinguish between a company union and a bona fide labor organization. In the present case we are dealing with a bona fide labor organization and not a company union. We are now definitely ruling that a claimant who fails or refuses to join or remain a member of a bona fide labor organization, as a condition of continuing in employment under the contract between such organization and employer, does not have a cause of a necessitous and compelling nature for leaving his work.

Section 402(b) of the Unemployment Compensation Law, 43 PS §802(b), provides: "An employe shall be ineligible for compensation for any week—(a) . . . . (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That no employe shall be deemed to be ineligible under this subsection *where as a condition of continuing in employment such employe would be required to join or remain a member of a company union or to resign from or refrain from joining any bona fide labor organization,*[1] or to accept wages, hours or conditions of employment not desired by a majority of the employes in the establishment or the occupation, or would be denied the right of collective bargaining under generally prevailing conditions, *and that in determining*

---

[1] There has been no substantial change in this language since the original enactment. See Act of 1936, Second Ex. Sess., Dec. 5, P. L. (1937) 2897, art. IV, §402.

*whether or not an employe has left his work voluntarily without good cause, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t): . . . ."* (Emphasis supplied.)

Section 4(t) of the Unemployment Compensation Law provides as follows: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout or other labor dispute, or (2) the remuneration, hours, or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) *as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization."*[2] (Emphasis supplied.)

---

[2] There has been no substantial change in this language since the original enactment. See Act of 1936, Second Ex. Sess., Dec. 5, P. L. (1937) 2897, art. I, §4(r).

We are of the opinion that if the legislature intended, when it used the language in §402(b) above italicized, to make the refusal of joining a bona fide labor organization a "cause of a compelling and necessitous nature" then it would certainly have inserted "or any bona fide labor organization" after the words "company union." When the legislature again, in §4(t) (originally §4(r)), used the language above italicized in defining suitable work but did not insert the words "or any bona fide labor organization" after the words "would be required to join a company union," it becomes even more evident that it intended that a claimant who refuses to join a bona fide labor organization with whom the employer has a collective bargaining agreement does not (a) have a compelling and necessitous reason for leaving his employment, and (b) would not be justified in refusing a job referral where it was a condition of employment to join such bona fide labor organization. In construing a statute we should give effect, if possible, to all of its provisions: Statutory Construction Act of May 28, 1937, P. L. 1019, §51; *Barclay White Co. v. Unemployment Compensation Board*, 356 Pa. 43, 48, 50 A. 2d 336. Although the statute has been amended many times, the legislature has not seen fit to make any substantial change in the language above referred to.

The claimant had a job which she could have retained by merely paying an initiation fee of $5.00 and weekly dues of $.50 to the union. She failed or refused to do this, as a result of which she became unemployed. Since she had an opportunity to decide whether to continue the employment relationship or to terminate it, her failure to take the necessary step to keep her job was a voluntary act on her part and her resulting unemployment must be considered as a

voluntary leaving of work "without cause of a compelling and necessitous nature."

Decision affirmed.