■ In the Matter of the Claim of RALPH RUSSELL, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits effective January 24, 1967 on the ground that he refused employment for which he was reasonably fitted by training and experience without good cause (Labor Law, § 593, subd. 2). Claimant had previously been employed by Freital Gratz Co., Inc., from February 4 to August 26, 1966 as a grinder but had quit work there after a dispute with his union, Teamsters Local 210, over the payment of certain disability benefits. Thereafter claimant worked in South Carolina from October to December 22, 1966 when he returned to New York. Upon being unable to find work on his return claimant filed for unemployment compensation effective January 9, 1967 and was issued one payment to January 22, 1967. On January 24, 1967 claimant was offered his former employment by Freital Gratz but rejected it on the ground that, due to the union shop clause between Freital Gratz and the union, he would be required to rejoin the union. The board found this "a personal and noncompelling reason" and therefore not good cause. The question of whether good cause exists for a claimant for unemployment insurance benefits to refuse a job for which he is qualified by training and experience is factual and, thus, if there is substantial evidence to support the board's finding, its decision must be affirmed (Matter of Spack [Corsi], 305 N. Y. 753; Matter of Schwartz [Catherwood], 27 A D 2d 617; Matter of Walls [Catherwood], 26 A D 2d 883; Labor Law, § 623). Clearly the union involved is not a "company union" and thus section 593 (subd. 2, par. [a]) of the Labor Law is not controlling. The courts in this State have consistently upheld the board's determination that where refusing or failing to become a union member results in discharge or leaving employment such discharge or leaving is voluntary and without good cause (Matter of Malaspina [Corsi], 309 N. Y. 413; Matter of Bernstein [Catherwood], 28 A D 2d 759). We see no reason to differentiate between leaving or being discharged from employment and refusing to accept an offer of employment or re-employment on the basis of required union membership. Nor can we say on the instant record that the board could not reject claimant's reason for refusing membership here as constituting good cause. The board could properly conclude that claimant's proper manner of contesting his disability claim was pursuant to the relevant provisions of the Workmen's Compensation Law and not by refusing employment. Finally, the contention that appellant should not have been disqualified because he was entitled to a 30-day waiting period before being required to rejoin the union was not passed on or raised prior to this appeal and cannot thus be considered here for the first time. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.