**STATE of Delaware ex rel. DEPART-MENT OF LABOR**

**v.**

**UNEMPLOYMENT INSURANCE APPEAL BOARD and Lillian B. Abrams.**

Superior Court of Delaware,
New Castle.

Oct. 5, 1972.

Brian P. Murphy, Deputy Atty. Gen., for State.

Harvey B. Rubenstein, Wilmington, amicus curiae on behalf of Council 81 of the American Federation of State, County and Municipal Employees (AFSCME) and Del. State Labor Council, AFL–CIO.

Elwyn Evans, Jr., of Community Legal Aid Society, Inc., Wilmington, for Lillian B. Abrams.

OPINION

CHRISTIE, Judge.

This is an appeal from a decision of the Unemployment Insurance Appeal Board (hereinafter referred to as Board) granting benefits to Lillian B. Abrams (hereinafter referred to as claimant). The State of Delaware brings this appeal as the former employer of claimant.

The record indicates that the claimant was employed in December of 1968 by the

Department of Labor as a clerk-typist. At that time claimant was unaware of any impending unionization of the employees of that Department. Subsequently, however, Council 81 of the American Federation of State, County and Municipal Employees (AFSCME) was certified as the exclusive bargaining representative for the employees of the Department of Labor pursuant to 19 Delaware Code, Chapter 13; and on August 14, 1970, the Department entered into a collective bargaining agreement with the employees' representative, Local Union 2038. This agreement in relevant part provided:

"Any employee who is not a member of the union at the time this agreement becomes effective shall as a condition of employment, become a member of the union at the end of the ninetieth day following the effective date of this agreement, or at the end of the ninetieth day following employment, whichever is later and shall remain a member of the union to the extent of paying the membership dues and initiation fees uniformly required as a condition of acquiring or retaining membership in the union, whenever employed under, and for the duration of this agreement."

On November 14, 1970, ninety days after the signing of the collective bargaining agreement, claimant refused to join the union. Claimant also declined an opportunity offered by her employer to take an additional ninety day leave of absence without pay to reconsider her decision. Claimant, on an understanding that she was no longer employed due to her failure to join the union, did not report to work on November 15, 1970, or thereafter.

Claimant sought unemployment compensation, and, in a proceeding before the Board, was found to be entitled to unemployment benefits. The Board held that the claimant had been discharged and that the employer had not met its burden of showing just cause for such discharge so as to disqualify the claimant from benefits in accordance with 19 Del.C. § 3315(2).

More specifically, the Board held "that failure to join a union in accordance with the terms of a collective bargaining agreement does not constitute wilful and wanton misconduct in connection with one's work and is not just cause for discharge so as to disqualify one for unemployment benefits".

In reaching this conclusion, the Board drew an analogy to 19 Del.C. § 3315(3)(A) which reads in pertinent part:

". . . no individual otherwise qualified to receive benefits shall lose the right to benefits by reason of a refusal to accept a referral for new work if—

(a) As a condition of being so employed, he would be required by the employer to join a company union, or would be required by the employer to resign from or refrain from joining any bona fide labor organization, or would be denied the right by the employer to retain membership in and observe the lawful rules of any such organization."

On the basis of the above language, the Board concluded that a refusal to join a union was not intended by the Legislature to disqualify one from the receipt of unemployment compensation benefits.

On appeal, the Department as the employer raises two questions for this Court's determination. The Department first argues that the Board erred as a matter of law in concluding that the claimant was "discharged" from her employment. Its position is that the claimant's refusal to join the union and the resultant discharge which was required by the collective bargaining agreement constituted a voluntary quitting without good cause as a matter of law so as to disqualify claimant from benefits under 19 Del.C. § 3315(1). In the alternative, the Department argues that if, as a matter of law, the present situation amounted to a discharge, claimant's refusal to join the union constituted "just cause" for such discharge under 19 Del.C. § 3315(2) so as to disqualify her from benefits.

■ In reviewing decisions of administrative boards, this Court must ascertain whether the Board's findings and conclusions are supported by substantial evidence and are free from legal error. Air Mod Corp. v. Newton, 215 A.2d 434 (Del.Sup. 1965); Curran v. Airport Shuttle Service, Inc., 238 A.2d 817 (Del.Super.1968).

■ This Court does, however, review questions of law. The specific question raised by this appeal, i. e. whether the undisputed factual situation amounted to a discharge with just cause or a voluntary quitting of the job without good cause, is a question of law subject to review. See Department of Labor and Industry v. Unemployment Compensation Board of Review, 133 Pa.Super. 518, 3 A.2d 211 (1938); Martinez v. Unemployment Compensation Board of Review, 186 Pa.Super. 50, 140 A.2d 351 (1958), and Hambridge Steel Erectors, Inc. v. Unemployment Compensation Board of Review, 211 Pa.Super. 425, 235 A.2d 432 (1967). Thus, the issue of whether the Board appropriately applied the statute to the undisputed facts of this case is a question for this Court's determination.

■ This question has been considered most directly in New York and Pennsylvania under statutory provisions similar to those found in Delaware. Statutes in both jurisdictions provide for the denial of unemployment benefits in cases of discharge for misconduct and voluntary quitting without good cause. Both provide that no employee shall be deemed ineligible after voluntarily quitting if as a condition of continuing in employment such employee would be required to join or remain a member of a company union or to resign from or refrain from joining any bona fide labor organization. Thus, the pertinent statutory provisions correspond to those of Delaware.[1]

The New York decision most analogous to the present situation is Bernstein v. Catherwood, 28 A.D.2d 759, 280 N.Y.S.2d 755 (1967). In that case the claimant's job was not governed by a union contract when she commenced work, but became subject to a collective bargaining agreement which required all employees to join the union upon the merger of her corporate employer into another corporation. The Court held that the requirement for union membership did not constitute such a material change in condition of claimant's employment as to justify her leaving her job.

By so holding, the Court appeared to concur in the Board's result that there was

---

1. New York provides in pertinent part:
§ 593 Disqualification for benefits
1. Voluntary separation
   (a) No days of total unemployment shall be deemed to occur after a claimant's voluntary separation without good cause from his last employment. . . .
   .    .    .    .    .
2. Refusal of employment
   . . . No refusal to accept employment shall be deemed without good cause nor shall it disqualify any claimant otherwise eligible to receive benefits if
   (a) acceptance of such employment would either require the claimant to join a company union or would interfere with his joining or retaining membership in any labor organization . . . .
   .    .    .    .    .
3. Misconduct
   No days of total unemployment shall be deemed to occur after a claimant lost his last employment . . . through

misconduct. . . . Labor Law § 593 (McKinney's Consol.Laws, c. 31, 1965). While Pennsylvania's statute reads:
   "An employee shall be ineligible for compensation for any week—
   . . . (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . And provided further, That no employee shall be deemed to be ineligible under this subsection as a condition of continuing in employment such employee would be required to join or remain a member of a company union or to resign from or refrain from joining any bona fide labor organization. . . .
   . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."
43 P.S. § 802.

a voluntary quitting without good cause. See also Russell v. Catherwood, 33 A.D.2d 592, 304 N.Y.S.2d 415 (1969) where it was noted:

"The courts in this State have consistently upheld the board's determination that where refusing or failing to become a union member results in discharge or leaving employment such discharge or leaving is voluntary and without good cause". (Citing *Malaspina* 309 N.Y. 413, 131 N.E.2d 709 and *Bernstein*)

It is clear that under a New York statute similar to Delaware's the New York court considers a termination as a result of a refusal to join a bona fide labor organization under a collective bargaining agreement as a voluntary quitting without good cause.

In Pennsylvania, the Superior Court held in Butler v. Unemployment Compensation Board of Review, 189 Pa.Super. 605, 151 A.2d 843 (1959) that a claimant who fails or refuses to join a bona fide labor organization as a condition of continuing in employment is deemed to have voluntarily quit without good cause. It has been suggested that the decision in *Butler* has been overruled by a subsequent decision in Williams v. Unemployment Compensation Board of Review, 193 Pa.Super. 320, 164 A.2d 42 (1960) which in turn took into account the holding of the Pennsylvania Supreme Court in Warner Co. v. Unemployment Compensation Board of Review, 396 Pa. 545, 153 A.2d 906 (1959). (See 90 ALR2d at 852.) However, the decision of the Pennsylvania Superior Court in Grant Building, Inc. v. Unemployment Compensation Board of Review, 208 Pa.Super. 280, 224 A.2d 647 (1966), which was decided after the above noted annotation, held to the contrary. Judge Wright, writing for the majority, ruled that the holdings in *Williams* and *Warner* decisions were not controlling in the situation where an employee had merely been required to join a bona fide labor organization on reasonable terms. Judge Wright further noted:

"(Claimant's) present difficulty results from his voluntary failure to comply with this requirement. It is our view that he does not come under the shelter of the statutory proviso. He was not forced to join or remain a member of a company union or to resign from or refrain from joining a bona fide labor organization." *Grant, supra* 224 A.2d at 650

The Pennsylvania Court noted that it was significant that the legislature did not include within the protection of the statute an employee who is required to join a bona fide labor organization.

In effect, the Court was reiterating a statement found in *Butler,* supra,

"that if the legislature intended, when it used the language in § 402(b) above . . . to make the refusal of joining a bona fide labor organization a 'cause of a compelling and necessitous nature' it would certainly have inserted 'or any bona fide labor organization' after the words 'company union.'" 151 A.2d at 846.

Thus, the Pennsylvania Court would also deem a termination which took place as a result of a refusal to join a bona fide labor organization a voluntary quitting without just cause.

This Court is in agreement with the holdings of the New York and Pennsylvania Courts. I hold that termination of employment as a result of a refusal to abide by the terms of a union contract requiring employees to join a bona fide labor organization on reasonable terms amounts to a voluntary quitting without good cause and thus the person so refusing is disqualified for unemployment benefits under the provisions of 19 Del.C. § 3315(1). Unemployment benefits should have been denied this claimant.

It should be noted in passing that Delaware has no "right to work" statute. If such a statute existed in Delaware, a question might be raised as to whether the

claimant could be forced to join a union as a condition of continuing her employment in the first instance and whether a refusal to so join could effectively result in a denial of compensation benefits in the second instance.

The decision of the Unemployment Insurance Appeal Board is reversed and the case is returned to the Board with instructions to enter an order denying benefits in accord with this decision.

It is so ordered. .