Helen L. Barger et al., Petitioners v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Jerome H. Gerber,* with him *James L. Cowden,* and *Handler, Gerber and Weinstock,* for petitioners.

*David R. Confer,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 17, 1979:

Claimant Helen Barger, last employed by W. A. Moyer & Sons, Inc., had been laid off indefinitely on July 29, 1977 because of a business slowdown.

During the layoff the contract between claimant's union and the employer expired. On September 1, 1977, with no agreement on a new contract, a work stoppage occurred at the employer's place of business.

Although operations continued, members of claimant's union were not willing to continue work under pre-existing contract terms. Claimant then engaged in some of the picketing at the employer's premises.

Claimant appeals from the Unemployment Compensation Board of Review's determination that she is ineligible for benefits under the provisions of Section 402(d) of the Unemployment Compensation Law,[1] which disqualifies employees from receiving benefits when their unemployment is due to a work stoppage which exists because of a labor dispute other than a lockout.

Claimant submits that the board erred as a matter of law in applying Section 402(d), claiming that her unemployment was due to her having been indefinitely laid off before the work stoppage occurred. We agree with claimant.

Section 402(d) provides in pertinent part, that:

An employee shall be ineligible for compensation for any week—

. . . .

(d)  In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed. . . .

The clear language of this section provides that the cessation of employment must occur *because* of a labor dispute; where unemployment results from any other cause, Section 402(d) is inapplicable and therefore does not provide grounds for ineligibility. *Gladieux Food Services, Inc. v. Unemployment Compensation Board of Review,* 479 Pa. 324, 388 A.2d 678 (1978).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897 *as amended,* 43 P.S. §802(d).

We hold that the board's finding, that claimant was laid off indefinitely due to lack of work, inevitably leads to the conclusion that her unemployment was not caused by the labor dispute, and therefore the Board erred in applying the disqualifying provision of Section 402(d).

The Supreme Court in *Gladieux Food Services, Inc., supra,* confronted the applicability of Section 402(d) in a situation where claimants, union members, were laid off because no work was available during a period when the labor situation at the company was unsettled. The union's contract had expired, and although the new contract was rejected, members voted to and did report for work, until the employer closed the facility and suspended the employees.

In determining the inapplicability of Section 402 (d) to the employee's separation, the court stated that where the board found that "the immediate, final and effective cause of the work stoppage . . . was the unavailability of work," the court would not go beyond that immediate cause to discern the factors which contributed to the diminishing workload, even where that reason was "relatively easily identifiable."

The Superior Court, in *Hogan Unemployment Compensation Case,* 169 Pa. Superior Ct. 554, 560, 83 A.2d 386, 390 (1951), held that the inquiry under Section 402(d) should be directed to ascertain the "direct", the "effective cause of," or the "activating reason for," the work stoppage.

Here, claimant's unemployment was due to a stoppage of work which existed, as the board found, because of "lack of work."

We do not accept the board's argument that claimant's lawful participation in the picketing of her employer changed the original cause of the unemployment, thereby disqualifying her from receiving benefits under Section 402(d).

In *Jernstrom Unemployment Compensation Case,* 202 Pa. Superior Ct. 209, 195 A.2d 922 (1963) the court held that, where unemployment is due to lack of work, the mere occurrence of a labor dispute will not change the legal causation of the unemployment unless work becomes available and is rejected by the employee because of the strike.

In *Jernstrom, supra,* claimants had been indefinitely laid off while the employer's machinery had been sent out for repair. As in this case, before the claimants had been recalled, the employees went on strike. The court analyzed the cause of claimants' unemployment during the pendency of the strike, stating that: "[O]riginally and continuously through the period of the strike [the unemployment] was due to the fact that the facilities for the performance of their duties were not supplied by the company, this situation existed regardless of the strike." 202 Pa. Superior Ct. at 213, 195 A.2d at 924.

Here, although the board found that the employer was willing to allow continued work during the labor negotiations, and that operations were continued by management, there is no indication that the employer attempted to recall claimant.

Recently, this court in *Coleman v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 295, 406 A.2d 259 (1979), reversed a board's determination that claimant, who had been receiving benefits while laid off, was rendered ineligible to continue to receive benefits after he assaulted the employer's personnel manager, an act of willful misconduct under Section 402(e), 43 P.S. §802(e) of the Law. We held claimant to be eligible, under the law's terms, for benefits until such time as (upon remand) it might be shown that he would have been recalled to work; his misconduct did not initiate his unemployment.

In our judgment, the decision in *Alloway Unemployment Compensation Case*, 208 Pa. Superior Ct. 451, 222 A.2d 449 (1966), denying benefits to laid-off claimants who subsequently participated in a picket line during a wildcat strike against their employer, is not controlling. There the court held that "the factual matrix" of the employee's unemployment had changed. Here, claimant's lawful participation in picketing did not change the factual nature of the cause of her unemployment.

We find that the Board erred as a matter of law in concluding that the disqualifying provision of Section 402(d) applied where claimant's unemployment was directly caused by the employer's business slowdown.

Therefore we reverse the order of the Board and remand for a determination of benefits.

### Order

And Now, this 17th day of Octotber, 1979, the order of the Unemployment Compensation Board of Review, dated May 3, 1978, is reversed, and the case is remanded for a computation of benefits.