Lebanon Steel Foundry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Charles Bressler, Respondents.

Lebanon Steel Foundry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Russell L. Long, Respondents.

Lebanon Steel Foundry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and David L. Weiser, Respondents.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

442

*Carroll Hament,* with him *Leslie R. Stellman* of *Shawe & Rosentham* and *A. H. Ehrgood, Jr.,* of *Ehrgood & Ehrgood,* for petitioner.

*Marc S. Jacobs,* of *Galfand, Berger, Senesky, Lurie and March,* with him *Richard Wagner,* Chief Counsel, for respondents.

OPINION BY JUDGE WILKINSON, JR., April 11, 1980:

This is an appeal by employer from the determinations of the Unemployment Compensation Board of Review (Board) awarding compensation to the respondents (claimants). The three claims before us are representative of and controlling with respect to similar claims filed by some 60 employees. We affirm.

Claimants are members of Local 1975 of the United Steel Workers of America (Union), the bargaining agent for employees at Lebanon Steel Foundry. The then existing collective bargaining agreement between employer and the Union expired April 30, 1978. One month earlier, on March 31, 1978, claimants were placed on layoff status due to lack of sufficient work.[1] By letters dated May 1, 1978, each of the claimants was recalled from layoff and directed to report to the employer's personnel office at 8:00 A.M., May 4, 1978.[2]

---

[1] The 60 or so employees represented in these three cases of course constitute only a portion of employer's labor force. During the period of layoff, operations at Lebanon Steel Foundry continued albeit at a slower pace.

[2] The letters concluded by stating, "If you have not reported by that time, it will be assumed that you are a participant in the current work stoppage and have assumed the status of striker."

None of the claimants reported for work on May 4, 1978. The Bureau (now Office) of Employment Security, referee, and Board found claimants eligible for benefits following the recall letter and employer filed the instant petition for review.

Employer contends that the Board erred in not reversing the referee on the basis of Section 402(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d), which disqualifies employees whose unemployment is due to a work stoppage occasioned by a labor dispute other than a lockout. We must disagree. "The clear language of this section provides that the cessation of employmen' must occur *because* of a labor dispute; where unemployment results from any other cause, Section 402(d) is inapplicable and therefore does not provide grounds for ineligibility." *Barger v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 502, 504, 406 A.2d 1191, 1192 (1979). (Emphasis in original.)

There is no question here that claimants' separations were initially the result of inadequate available work. Without more, claimants would undoubtedly be eligible for benefits. Employer argues, however, that their refusal to return following recall transformed qualifying separations into ones which under Section 402(d) were disqualifying.

Although the factual matrix at the time of separation should generally control, *see Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959) it is subject to change. *Jernstrom Unemployment Compensation Case,* 202 Pa. Superior Ct. 209, 195 A.2d 922 (1963). The Superior Court, in *Jernstrom,* announced the general rule where a strike follows an otherwise qualifying separation due to lack of

work. "[W]here unemployment is due to lack of work, the mere occurrence of a labor dispute will not change the legal causation of the unemployment *unless work becomes available and is rejected by the employe because of the strike.*" (Emphasis added.) *Id.* at 214, 195 A.2d at 925.

In the case now before us work did not become "available" to claimants until the strike commenced and in fact was only available because of the strike.[3] Such a set of circumstances does not satisfy the requirement in *Jernstrom* that work become available. Were we to hold otherwise, an employer could effectively require employees on layoff to accept work which under the law is not suitable.[4] Where, however, it can be shown that business or economic conditions have changed during the progress of the strike such that work becomes available above and beyond that needed to sustain employer's pre-strike operation, a claimant must accept a recall or suffer the consequences. This not being the case in the representative claims before us we must affirm the decision of the Board.

Accordingly, we will enter the following

ORDER

AND Now, April 11, 1980, the orders of the Unemployment Compensation Board of Review at Decision Nos. B-166172-B, B-166173-B, and B-166174-B dated March 20, 1979 are hereby affirmed.

---

[3] Employer candidly admitted in its testimony that no work would have been offered to claimants had it not been for the strike. This fact is fatal to employer's position.

[4] Section 4(t) of the Law, 43 P.S. §753(t) defines "suitable work" to mean "all work which the employe is capable of performing. . . . However . . . no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute. . . ."