The Quaker Oats Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Cereal Workers Local Union No. 221, AFL-CIO, Intervenor.

Argued February 1, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Michael T. Welch,* with him *Norman I. White,* of *McNees, Wallace & Nurick,* for petitioner.

No appearance for respondent.

*Paul J. Dellasega,* with him *Ira H. Weinstock,* for intervenor.

OPINION BY JUDGE CRAIG, February 26, 1982:

The Quaker Oats Company, the employer, appeals a decision of the Unemployment Compensation Board of Review which affirmed a referee's determination that the eight claimants are entitled to benefits under the Unemployment Compensation Law.[1]

The essential facts are not in dispute. The employer laid off all the claimants before August 20, 1979. On August 20, the Cereal Workers Directly Affiliated Local Union 221 began a strike against the employer, which continued until November 27, 1979. Each claimant is a member of the union.

Throughout the strike, the employer continued operating with management personnel. By letters dated August 30, 1979, the employer recalled the claimants, effective September 4, 1979, to work in "utility" jobs which were vacant because the employees who held them were on strike. When laid off, the claimants had held positions other than "utility" jobs. None of the claimants reported for work September 4 in response to the letters. During the strike, the work tendered to the claimants at the employer's plant was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§751-914.

available due to the labor dispute; after the strike end-ed, none of the claimants were recalled due to a lack of available work.

The issues are whether (1) the claimants were in-eligible for benefits under Section 402(d) of the Law[2] on the ground that their unemployment was due to a work stoppage caused by a labor dispute in which, as members of the striking union, claimants were in-terested, or (2) the claimants, even though laid off before the strike, were ineligible under Section 402(a) of the Law,[3] for failure to accept suitable work.

The referee and board concluded that Section 402(d) was inapplicable to the claimants, and that the work offered claimants was not suitable work because the jobs were vacant as a result of a work stoppage due to a labor dispute.

As to the first issue, the compensation authorities were correct. Because there is no question but that the pre-strike layoffs of claimants were caused by the unavailability of work at that time, Section 402(d) is inapplicable as decided in *Barger v. Unemployment Compensation Board of Review*, 46 Pa. Common-wealth Ct. 502, 504, 406 A.2d 1191, 1192 (1979) where we said:

---

[2] 43 P.S. §802(d). Section 402(d) provides that an employee, who is directly interested in a labor dispute, shall be ineligible for compensation for any week:

> In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory ... at which he is or was last employed....

There is no dispute that claimants were directly interested in the labor dispute here.

[3] 43 P.S. §302(a). Section 402(a) provides:

> An employe shall be ineligible for compensation for any week—
> (a) In which his unemployment is due to failure, without good cause ... to accept *suitable work* when offered to him ... by any employer ... (emphasis added).

The clear language of the section provides that the cessation of employment must occur *because* of a labor dispute; where unemployment results from any other cause, Section 402(d) is inapplicable and therefore does not provide grounds for ineligibility. (Emphasis in original.)

As to the Section 402(a) issue, refusal of suitable work, the employer contends that, despite the plain words of Section 4(t),[4] work available only because of the strike should not be considered "unsuitable" when it is offered to laid-off employees who are members of the striking union. We decided that very point contrary to the employer's contention in *Lebanon Steel Foundry v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 441, 413 A.2d 34 (1980). Here, as in *Lebanon Steel Foundry*, the offered work was available only because of the strike and not apart from it. To depart from our holding in that case would be to depart from the unambiguous words of the statute.

Finally, the employer contends that, if claimants participated in the strike by picketing before their unemployment compensation benefits ran out, such participation would make claimants ineligible. However, where no new work is available, participation in a picket line will not, alone, change an employee's unemployment status and will not result in ineligibility. *Barger*.

Accordingly, we affirm the order of the board.

---

[4] 43 P.S. §753(t). Section 4(t) provides:
[No] Work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute ...

### ORDER

Now, February 26, 1982, the orders of the Unemployment Compensation Board of Review at Decision Nos. B-182969, B-182970, B-182971, B-182972, B-182973, B-182974, B-182975, and B-182976 dated April 8, 1980 are hereby affirmed.