County of Allegheny, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges ROGERS and WILLIAMS, JR. and Senior Judge KALISH, sitting as a panel of three.

*James H. McLean,* County Solicitor, with him, *Timothy W. Pawol,* Assistant County Solicitor, for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, February 5, 1985:

The County of Allegheny (petitioner) has filed a petition for review of orders of the Unemployment Compensation Board of Review (board) affirming a referee's awards of compensation for unemployment during two weeks in July, 1981, to eight registered public health nurses.

The claimants in these consolidated proceedings were employed as public health nurses by the petitioner at public health centers and clinics at locations throughout the county. On July 8, 1981, the licensed

practical nurses, nurses aides and other employees at the Kane Hospital, a geriatric hospital operated by the petitioner, initiated a work stoppage. The claimants were not members of the unions involved in the work stoppage. On July 10, 1981, the petitioner announced the closing of its public health centers and clinics and instructed the registered public health nurses employed at the closed facilities to report for work at the Kane Hospital. The eight claimants did not report to the Kane Hospital for various reasons including in the case of some that they did not want to fill positions made vacant by the striking employees. The work stoppage ended on July 30, 1981, and the claimants resumed their work at the public health centers and clinics.

The Office of Employment Security (OES) in eight separate decisions determined that the claimants were not eligible for unemployment compensation either because they had refused an offer of suitable employment; or participated in a work stoppage; or had voluntarily quit their employment. The claimants appealed and, following a hearing, the referee reversed the OES and awarded benefits. The board affirmed the referee's decisions.

The petitioner first contends that the board erred by not reversing the referee's decisions on the basis of Section 402(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), which renders ineligible employees whose unemployment is due to failure, without good cause, to apply for or to accept suitable work. The board correctly held that the work at Kane Hospital was not suitable work under the definition of that phrase at Section 4(t) of the Act, 43 P.S. §753(2):

"Suitable Work" means all work which the employe is capable of performing. . . . However,

notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute.

The referee and board found on substantial evidence that the positions at Kane were vacant because of the work stoppage at that location. We invoked Section 4(t) in similar circumstances and to the same effect in *Quaker Oats Company v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 33, 442 A.2d 367 (1982).

The petitioner next contends that the claimants should be denied unemployment compensation pursuant to Section 402(d) of the Act, 43 P.S. §802(d), which provides:

An employee shall be ineligible for unemployment compensation for any week—

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or directly interested in, the dispute.

Not only was the work stoppage here not at the establishments where the claimants were employed, the claimants did not participate in the work stoppage, were not members of an organization participating or interested in the stoppage at Kane, and, as public health specialists, did not belong to the same class as the workers at Kane.

The petitioner further contends that the claimants were ineligible because they voluntarily left their work without cause of a compelling and necessitous nature (Section 402(b), 43 P.S. §802(b)) and that the compensation authorities by invoking Section 4(t) improperly relieved the claimants of their burden of proving that they quit for compelling and necessitous cause. This thesis has no merit whatsover. First, the claimants did not leave their work; they were transferred to different work and at different locations. Second, they were assigned work which being defined by Section 4(t) as unsuitable was declined with good cause.

Orders affirmed.

### ORDER

AND Now, this 5th day of February, 1985, the orders of the Unemployment Compensation Board of Review in the above-captioned matter are affirmed.